## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CREATIVE COMPOUNDS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No: _____ |
| v. ) | |
| ) | Jury Trial Demanded |
| IQ FORMULATIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT OF NON-LIABIILITY

Creative Compounds, LLC ("Creative") hereby brings this Complaint against IQ Formulations, LLC ("IQF"), and alleges as follows:

### NATURE OF THE CASE

1. Creative seeks a declaratory judgment that it is not liable to IQF for damages allegedly resulting from the seizure by the U.S. Food and Drug Administration of products that IQF manufactured using, *inter alia*, an ingredient that IQF purchased from Creative. Creative sold a legal product to IQF and IQF chose to use that ingredient in a manner that IQF knew or should have known could be contrary to FDA statutes and regulations when used in IQF's formulation and/or when marketed in the manner that IQF marketed its product, including the nutritional labeling on the product. Creative had no input into, or control over, IQF's formulation of its products or IQF's marketing and labeling of its products. The requested relief is necessary because IQF is asserting that Creative is liable to IQF for at least five hundred thousand dollars, and potentially as much as four million dollars, in damages allegedly incurred by IQF.

1

## PARTIES

2. Creative is a Nevada Limited Liability Corporation with its principal place of business at 600 Daugherty Street, Scott City, MO  63780.  Creative's sole member, Sterling International Enterprises, LLC ("Sterlng"), is a West Indies Limited Liability Corporation with its principal place of business in Mexico.  Sterling's sole member is an individual who resides in, and is a citizen of, Mexico.

3. IQF is a Florida Limited Liability Corporation with its principal place of business at 10151 NW 67th Street, Tamarac, FL  33321.  Upon information and belief, IQF has a single member who is an individual residing in Florida.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201 insofar as the parties are citizens of different states, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00, and Creative seeks relief under the Declaratory Judgment Act.

5. This Court has personal jurisdiction over IQF pursuant to the Missouri long-arm statute, Section 506.500.1 RSMo, based at least on Creative and IQF having entered into the contract for sale of the materials at issue in this District, and IQF's substantial contacts with Missouri and this District in connection with the activities giving rise to this lawsuit.

6. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in the State of Missouri, and this District in particular, and IQF is otherwise subject to this Court's personal jurisdiction with respect to this action as set forth above.

## FACTS

7. Creative is in the business of selling bulk raw ingredients to the food industry, with an emphasis on the sports nutrition and dietary supplement segments of the industry. Creative not only maintains an inventory of numerous ingredients for immediate purchase but also custom sources unique ingredients on behalf of customers.

8. Between 2010 and 2017, IQF purchased various raw materials from Creative for IQF's use in its manufacturing of a range of products.

9. Creative has conducted all of its business dealings with IQF from an address in this District, and IQF has been aware of this because, at least, all of Creative's correspondence, invoices and other documentation relating to its dealings with IQF have included an address in this District.

10. Creative never had any control over how IQF used the various raw materials that IQF purchased from Creative, including IQF's formulations of the end products that it manufactured using the raw materials purchased from Creative, IQF's nutrition labeling of such end products, and/or IQF's marketing of such end products.

11. In April, 2015 the U.S. Food and Drug Administration issued Warning Letters to 14 companies, regarding 17 "Dietary Supplement" products that listed AMP Citrate (referred to as, *inter alia*, "DMBA" in the Warning Letters) as a "Dietary Ingredient" on the product labels.

12. The FDA stated in the Warning Letters that the products were "adulterated" Dietary Supplements pursuant to the Federal Food, Drug and Cosmetic Act and related regulations because the recipient companies had failed to meet the requirements to market a Dietary Supplement that included AMP Citrate.

13. The FDA Warning Letters, including the text of the letters, were widely publicized, *inter alia*, on the FDA's website and in trade publications.

14. Upon information and belief, IQF was aware of the FDA Warning Letters, and the substance of those Warning Letters, at least as early as April, 2015.

15. The FDA did not ban, and has not banned, the sale of AMP Citrate.

16. The FDA has never issued a Warning Letter to Creative relating to AMP Citrate.

17. In July, 2016, IQF purchased a single load of an ingredient called "AMP Citrate" from Creative and Creative issued an invoice to IQF for the single load in the amount of $34,479.89.

18. Creative had no control over how IQF used the AMP Citrate it purchased from Creative, including without limitation product formulation(s) and/or product labeling or marketing.

19. Upon information and belief, IQF used the AMP Citrate to manufacture one or more end products that IQF marketed to its customers.

20. Upon information and belief, the FDA raided IQF's facilities in August, 2016 and seized all of IQF's end products that included AMP Citrate.

21. Upon information and belief, the FDA also required IQF to recall all of its end products that contained AMP Citrate.

22. IQF did not pay Creative's invoice, and Creative recovered the loss pursuant to an insurance claim.

23. The insurer that paid Creative's claim sued IQF in the 17th Judicial Circuit for Broward County, Florida for recovery of the unpaid $34,479.89, and named Creative as the nominal plaintiff in that lawsuit ("Florida Lawsuit").

24. Creative was not informed of, and played no part in, the preparation or filing of the Florida Lawsuit, including the choice of forum.

25. The Florida Lawsuit was voluntarily dismissed by the insurer that filed it before IQF filed its Answer.

26. IQF has accused Creative of being responsible for IQF's formulation, manufacture and marketing of products containing AMP Citrate, as well as the FDA's seizure and forced recall of IQF's products and related damages and costs.

27. IQF has demanded that Creative pay IQF at least five hundred thousand dollars as compensation for IQF's alleged damages resulting from the FDA's actions in response to IQF's manufacturing and marketing of "Dietary Supplement" end products containing AMP Citrate.

## COUNT I

### DECLARATORY JUDGMENT OF CREATIVE'S NON-LIABILITY FOR DAMAGES ARISING OUT OF THE FDA'S ACTIONS RELATING TO IQF

28. Creative incorporates herein by reference the allegations set forth in paragraphs 1-27 as if fully set forth herein.

29. IQF was solely responsible for its activities that led to the FDA's actions regarding IQF's Dietary Supplement products containing AMP Citrate.

30. Creative seeks and is entitled to a declaratory judgment that it is not liable to IQF for any damages or costs that IQF incurred in connection with any products containing AMP Citrate and/or any other ingredient sold to IQF by Creative.

## PRAYER FOR RELIEF

WHEREFORE, Creative prays for judgment in its favor and against IQF as follows:

31. For a judgment that Creative is not liable to IQF for any damages or costs associated with any action by the FDA in connection with any product(s) that included one or more ingredients sold to IQF by Creative;

32. For a preliminary and permanent injunction precluding IQF from suing Creative for damages or costs associated with any action by the FDA in connection with any product(s) that included one or more ingredients sold to IQF by Creative;

33. For an award of Creative's costs and reasonable attorneys' fees; and

34. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Creative hereby demands a trial by jury on all issues properly triable by jury.

Dated:  April 23, 2018                              Respectfully submitted,

/s/ Adam E. Gohn
Adam E. Gohn #65533MO
Glaus & Gohn, LC
1930 Broadway Street
Cape Girardeau, MO  63701
Phone:  (573) 332-1341
Fax:  (573) 334-5347
Email:  adam@glausandgohn.com

Kevin J. O'Shea #70436MO
(*pro hac vice* application to be filed)
OShea Law LLC
1744 Ridge Road
Jackson, MO  63755
Phone:  (573) 388-2296
Email:  koshea@oshealawllc.com

Counsel for Plaintiff Creative Compounds, LLC